Mr. Dahl is appealing his conviction on two counts of receiving child pornography due to the district court's error finding that the images received were lascivious exhibitions under United States Code 18 section 2256-2A-5. There is a second issue that we are here on because the district court erred when it ran the sentence consecutive to three pending state cases that were relevant conduct. Actually the government agrees that this issue should be remanded back to the district court for resentencing. I'd like to address the first issue first. There were insufficient evidence that Mr. Dahl received child pornography because the depictions at issue in count one and count two did not show anyone revealing their anus, genitals, or pubic area in a sexually suggestive way. Although Mr. Dahl addressed the DOST factors in his briefing, Mr. Dahl believes that the DOST factors should not apply and that the court should rule that it was, and this is a de novo review, but that the factors in DOST shouldn't apply because of a number of reasons. So let me just to be clear, I understand the argument with DOST and we've been through an iteration of that with McCoy. Yes. If DOST does apply, if we disagree with you on that, or if we find we're bound, does your client lose? I think your brief reference is like a defensible application of the factors in these cases. I may be misquoting you, but where are we at? Is your real argument here that DOST needs to be done away with and that's the, you know, the start and finish of the argument? Your Honor, I think that even if we applied the DOST factors, I think that the case should still be reversed and remanded back for a new trial because of the facts and regarding the video of S from count two and then in count three, sorry, in count one and then in count two, the photograph of M. Neither of them show any kind of lascivious exhibition. But we are actually asking for a review, you know, regarding the issue of DOST. And this is different than McCoy because of plain error review? Is that the distinction? We're not on plain error review here? Or why aren't we bound by McCoy, I guess? I think that that is probably one of the main issues is that's a plain error versus de novo review. Okay. Thank you. Okay. So the reasons not to use the DOST... Well, one of the counts, this claim, I guess it's a sufficiency of the evidence claim, right? I would agree with that. Okay. And one of the counts, it's not preserved, is it? Well, I would agree that in one of the counts, the count with the photograph of M, I would agree that you would have to review that for plain error. So which count was that? That is... Count three? I think that is count three, yes. Okay. So that's plain error. And then the other two is sort of a normal sufficiency of the evidence claim? No. Actually, I think for count one, we're not appealing that issue. Just count two and three? It's just count two and three. But count three is gonna be plain error? That's correct. Okay. So that was not preserved. Your Honor, going back to the DOST issues, so the DOST factors should not be used because, number one, the language in DOST and those factors do not track the plain language of 2256-2A5. Another reason is that the factors that were created in DOST were judicially created. These are not factors that appear in any kind of statute. So again, the intent of the statute is not followed by these judicially created factors that are looked at. Well, you're attacking the existence of the DOST factors as controlling law, but we're gonna essentially have to follow what our current precedent is. Where did the court err in using the DOST factors? Okay. Well, I think that the court erred in using the DOST factors in looking at the subjective intent of the individual who received. Doesn't DOST allow that or am I misreading that? I understand that you think that should be out of bounds and there are members of this court who are on record in McCoy suggesting that, but to Judge Smith's question, if, you know, if they're wrong and the majority was right, is there a misapplication of DOST as, you know, as the government understands it here, as the law? Is there a misapplication here? Yes, I believe there's a misapplication. The video of S that is shown has, there is no display that would be lascivious of the anus, the pubic area, or the genitals. So factually, the DOST factors don't apply to the video regarding S. The same is to be said for the photograph of M, where you've got M's mother, J.H., is sending a photograph of M's vagina and separating the labia, but not, there's no lasciviousness to either of those photographs or the video. The video is of S twerking or dancing in a sexual way, but at no time does she lasciviously exhibit her anus, pubic area, or her genitals. So it shouldn't be applied to either of them because the DOST factors, I think, would show that these are not... Counselor, the facts in McCoy weren't nearly as strong as the facts in this case. I don't see how what you're arguing can succeed under existing precedent. Can you help me with that or explain why McCoy wouldn't control? Well, okay, I mean, I understand that the issue with McCoy not controlling this case is, well, again, I think that the display, neither of them are, neither of them are lascivious in that there is, regarding just the exhibition and nothing else is, I think, factually it's not lascivious. In other words, the dancing is shaking of her body. I guess what I'm saying is if in McCoy, if a blind camera watching someone in a shower, unbeknownst to the existence of the camera, making no effort to display anything other than just taking a shower compared to an obviously overt effort to display before the camera, it's a quite powerful distinction. I agree with your distinctions, but I still think that, and perhaps that's the whole issue that we have here, is for using the DOS factors, make it so there's no, I guess, statually, the language of the statute is kind of being circumvented by these DOS factors, which then you have to look at everything subjectively as opposed to an objective. But now you're going to attacking the DOS factors themselves and not the application. Well, but I agree, Your Honor, but I think that it's the application, that's the problem, is that for every single one of child pornography cases, you're gonna have to go back, look at the facts, and apply things subjectively when I think that is a, that's a problem with the law right now. And I think my time has run out. Thank you. Thank you, counsel. Ms. Lange. Thank you. Good morning. May it please the court, counsel. My name is Colleen Lange, and I've represented the government at the bench trial in this case, along with my co-counsel, Amy Sestrick. We tried this in front of the Honorable Judge Ross. And as the opposing counsel just stated, there are two issues here on appeal. One is whether or not the images and video in accounts two and three are, in fact, child pornography, which they are, and whether or not the sentence needs to be remanded to clarify an unclear record as to what, whether the federal sentence is being run consecutively or concurrently to the three pending state cases. So, counsel, are we bound by McCoy, in your view, or does the standard review mean that we have some flexibility here? I believe you are bound by McCoy. As you're aware, that was an en banc hearing, and they found that the use of the DOS factors to determine whether or not an image is lascivious is appropriate. So I believe that we are bound by the, bound by McCoy, and it's finding to uphold the use of the DOS factors. Yeah. So, in your view, that's the fact that that was plain error, and there's at least one claim here that's de novo. That doesn't affect that analysis? In this case, I believe, in my opinion, that the standard review under count two should actually be clear error under United States v. Kemerling. That was also a bench trial in a child pornography case, and the Eighth Circuit found that it was clear error, and that the court is obligated to follow the district court's factual findings unless there is clear error. So I believe that, yes, for count two, it's a clear error standard of review, and then count three is a plain error standard of review. And I understand McCoy was a plain error standard of review. However, even under the clear error standard, I believe that this is a clear case that both of these, both, that count two is, in fact, that video is, in fact, child pornography, and that is lascivious display. The district court wrote in its order, in its detailed order, finding the defendant guilty, that it believed that that video of S in count two met nearly all of the factors under DOS, and they wrote and explained how that each factor, almost nearly every factor under DOS applied to that video, which again, separate or distinguishing it from McCoy, this was not a hidden camera case. Neither of these, there was context that was brought into trial explaining how both of the image and the video were produced, and neither was a hidden camera. The victim herself produced the video in count two. It's a very sexually, it's definitely intended to elicit a sexual response from the viewer. And as count three, again, that's a plain error standard. The district court correctly found, definitely did not error, that that was also child pornography. And the defendant did not object at trial that that image of M was child pornography. In fact, the defendant testified at trial that it was child pornography, and that he was collecting it to turn it over to the police. Later, at some point in the future, that he was collecting it from his co-defendant. Obviously, the district court found that unpersuasive. So, and the pellets arguments here is that the DOS factor should not be used, really have been foreclosed on by McCoy. And in their reply brief, they acknowledge as much that McCoy has foreclosed on their argument that the DOS factor should no longer be used. However, in the reply brief, they did go on and say that they believe that there should be a very narrow reading of how, of the term lascivious and lascivious display. And the government disagrees with how, with their reading. And because they believe that absolutely no context should be taken into consideration when determining whether or not an image is child pornography. And that is just, defies common sense. And it also goes and is, defies all the case law precedent we have here in the Eighth Circuit that explains, all the way back to United States v. Horn in 1999, that we can take into the context and determine whether or not, besides if the image, if the focal point of the image is the child's genitals or pubic area, then we can also take into account from there whether or not it is intended to elicit a sexual response from the viewer. And we have to have that in order to determine whether or not the image is child pornography or whether or not it's, for example, an image at a doctor's office. A doctor viewing it for an anatomy, you know, a doctor's purposes. So that is an important distinction to be made, that their test does not work, that they put forward in their reply brief. And then, I'll briefly touch on the second issue in this matter. There was, at sentencing, the record was unclear whether the district court was intending to run the federal sentence consecutively or concurrent to the, the defendant at the time had six pending state cases. Three of them were potentially relevant conduct or partially relevant conduct and three were not relevant conduct at all. And the court was unclear in the sentencing and the defense did not object, nor did they file a motion afterwards asking for the record to be made clear whether or not the sentences were being run consecutively or concurrently. As of now, based on the court's record and the judgment itself, the sentences are being run consecutively. And the government would ask for remand on that on the limited purposes of clarifying the concurrent versus consecutive sentences. We believe, again, based on all the evidence in this, in this case that was put forward, you know, going, I haven't touched on count three, which was obviously it's plain error review, but that image of the child that was produced by the co-defendant, you know, again, that image on its face is child pornography, but then the case is even stronger when you determine whether or not it's trying to elicit a sexual response by looking at the context of why it was produced. And that was based on some very graphic sexual conversations between the two co-defendants that then, the one co-defendant, based on that graphic sexual conversation she was having with the appellant, then produced the picture and sent it to the appellant, knowing it was going to elicit a sexual response from him because of the conversation they just had about sexually abusing that child. So whether, you know, in this case in particular, I believe the evidence of the image in the video is strong enough on their face that you really don't even need to look to determine whether or not there is, it does, what the subjective intent of the defendant is. You don't need to in this case. However, I think just going forward in general, we can, under McCoy, and the DOS factor, that 6-DOS factor, I think is relevant and in a lot of cases will be needed in order to determine whether or not an image is child pornography. When, you know, because in Hilly they talk about a sexually suggestive image or video, but if you read the entire opinion or the concurrence of Judge Cassas, he talks about how it's the victim who has to be sexually suggestive. It's the victim. She is the one who had to pose in a certain way or be lustful, and that is not under the Eighth Circuit case law an appropriate step to take because, or a test to adopt, because as in this case we have a seven-year-old child who is sleeping, who is being abused at a she was being forced to be sexually suggested by the co-defendant. So in conclusions, Your Honor, unless there's any other further questions, I would, the image and video file here are child pornography. The District Court clearly did not, was not, you know, their findings were not erroneous in this case. Their findings should be upheld. The verdict should not be overturned, and please affirm the conviction and remand for the limited purposes of sentencing. And I'll yield all my time unless there's any other questions. Thank you, Ms. Lange. Thank you. Counsel, your time was expired with your direct, but we'll give you a minute for rebuttal if you heard something you are compelled to reply to. Well, I appreciate that the, I guess all that I would include is that the government in their arguments actually made a good point about the fact that with the DOS factors, you've got to look at the the intent of the recipient, but also the, it seems to, in a way, blame the victim or want to look at what the victim's actions were, and this case is a perfect example of the victim being asleep. She had no, I guess, participation other than being present, which just shows that the DOS factors really should not be used and don't align with what the statute says. I've got nothing further. Thank you. Thank you, Mr. Sealy. Thank you also, Ms. Lange. The court appreciates both counsel's participation and argument before us today. We'll take the case under advisement.